Kevin W. Alexander (SBN: 175204)
Michael P. Bryant (SBN: 173440)
Thomas R. Watson (SBN: 222764)
Emily S. Skrdla (SBN: 297283)
GORDON & REES LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
Email: kalexander@gordonrees.com
Email: mbryant@gordonrees.com
Email: twatson@gordonrees.com
Email: eskrdla@gordonrees.com

Attorneys for Defendants
Nature's Way Products, LLC &
Schwabe North America, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY HUNTER, on behalf of herself, all others similarly situated, and the general public<br><br>Plaintiffs,<br><br>v.<br><br>NATURE'S WAY PRODUCTS, LLC and SCHWABE NORTH AMERICA, INC.,<br><br>Defendants. | Case No.: 3:16-cv-00532-WQH-AGS<br><br>*Assigned to: Judge William Q. Hayes*<br>*Magistrate Judge: Andrew G. Schopler*<br><br>**DEFENDANTS NATURE'S WAY PRODUCTS, LLC AND SCHWABE NORTH AMERICA, INC.'S OBJECTIONS TO PLAINTIFF SHERRY HUNTER'S EVIDENCE SUBMITTED IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** |

Defendants Nature's Way Products, LLC and Schwabe North America, Inc. object to the following evidence presented by Plaintiff Sherry Hunter ("Plaintiff") in support of Motion for Class Certification:

1. The Declaration of Jack Fitzgerald;
2. The unsworn Supplemental Report of Dr. Michael Greger, M.D., FACLM; and
3. The Declaration of Plaintiff Sherry Hunter.

Defendants reserve the right to object and move to strike the opinions of Dr. Greger, Dr. J. Michael Dennis and Mr. Colin Weir under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993) and its progeny at a later time.

## I. THE DECLARATION OF JACK FITZGERALD LACKS FOUNDATION AND IMPERMISSIBLY ATTEMPTS TO SKIRT THE LOCAL RULES

The 17-page Declaration of Jack Fitzgerald ("Fitzgerald Declaration") is a declaration from Plaintiff's counsel that lacks foundation and is an improper end-run around this Court's page limit requirements.

### *The Fitzgerald Declaration Lacks Foundation*

Evidence submitted in support of a Rule 23 motion is subject to the Federal Rules of Evidence. *See, e.g.*, *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011) (scrutinizing an expert report for admissibility under Federal Rule of Evidence 702 on a Rule 23 motion). Federal Rule of Evidence 602 states that all non-expert witness testimony, including statements made in a declaration, are only admissible "if evidence is introduced sufficient to support a finding that the witness had personal knowledge of the matter."

Here, vast portions of the Fitzgerald Declaration deal with issues outside of Plaintiff's counsel's personal knowledge. For example, in paragraph 12, Fitzgerald states

- 2 -

DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE EVIDENCE SUBMITTED BY PLAINTIFF
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION       Case No.: 3:16-cv-00532-WQH-AGS

that "defendants began selling the Nature's Way Coconut Oil in California on or about January 30, 2012." (Fitzgerald Decl., p. 3, ¶12.)  However, Mr. Fitzgerald has no personal knowledge of when defendants sold Nature's Way Coconut Oil in California and does not state any facts to show personal knowledge. *Id.* Instead, Mr. Fitzgerald cites to an interrogatory response. *Id.* Mr. Fitzgerald improperly sets forth additional facts, supported by citations to discovery responses without any foundation for personal knowledge of the fact, in paragraphs 10, 13, 16-17, 19, 24, 26-41, and 59. Mr. Fitzgerald also claims to outline a timeline of when the Class Label Versions were sold in the marketplace, complete with assumptions of how long previous versions would be sold in the marketplace. (Fitzgerald Decl., p. 12, ¶¶39-41; Exh. 21.)

Each of these paragraphs is objectionable because counsel fails to show any personal knowledge of the sales patterns of defendants' products, the timelines for when products are released and revised, or defendants' revisions to labels. *See Clark v. County of Tulare*, 755 F.Supp.2d 1075, 7084 (E.D. Cal. 2010) (attorney declaration may not convey information that the attorney learned during discovery as purportedly information from the attorney's personal knowledge).

### *The Fitzgerald Declaration Is An Improper Attempt to Exceed This Court's Page Limitations*

The 17-page Fitzgerald Declaration is an improper attempt to circumvent this Court's page limit requirements on a motion for class certification. A party may not use a declaration "to make an end-run around the page limitations . . . by including legal arguments outside of the briefs." *King County v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002). When a party attempts to do so, the proper remedy is to strike the improper portions of the declaration or strike the entire declaration. *See id.*

Here, the Fitzgerald Declaration improperly attempts to argue the class certification motion in paragraphs 11, 14, 15, 18, 19, 20, and 23. In each paragraph, the declaration does not set forth facts with Plaintiff's counsel's personal knowledge, but

- 3 -

DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE EVIDENCE SUBMITTED BY PLAINTIFF
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION           Case No.: 3:16-cv-00532-WQH-AGS

instead sets forth his legal arguments about the case.

## II. THE SUPPLEMENTAL REPORT OF DR. MICHAEL GREGER, M.D., FACLM (EXHIBIT 1 OF THE FITZGERALD DECLARATION) IS AN IMPROPER AFFIDAVIT THAT IS INADMISSIBLE HEARSAY

The Court should also disregard the entirety the Supplemental Report of Dr. Michael Greger attached as Exhibit 1 to the Fitzgerald Declaration. (Dkt. 60-4, p. 1-21.) The report is improper unsworn testimonial evidence because it is not verified as true under penalty of perjury as required by both Federal Rule of Evidence 603 and 28 U.S.C. § 1746.

## III. THE DECLARATION OF SHERRY HUNTER IS AN IMPROPER SHAM DECLARATION

It is well settled that a declaration contradicting a declarant's earlier testimony is a sham declaration. *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012). When a declaration submitted in support of a pre-trial motion is a sham declaration, the Court may disregard the declaration. *Id.* at 1080-81.

Here, Sherry Hunter's declaration contradicts her previous testimony under oath and the Court should disregard the new testimony. In Ms. Hunter's previous testimony under oath, she testified that at the time of her first coconut oil purchase approximately ten years ago, she believed coconut oil was "healthy" because "[i]t's good for the skin and I don't recall the rest of the other reasons." (100:10-16.) She understood coconut oil was "possibly" a "healthy alternative to … other cooking oils." (100:21-25) She also added that she believed coconut oil was a "healthier" fat because it came from a "natural source…I'm not an expert so I just kind of saw that it's a natural – it came from a fruit or a nut and I thought it was probably healthier." (181:24-182:5)

Ms. Hunter now declares that in July 2015 she was convinced to buy Nature's Way Extra Virgin Coconut Oil because the label "convinced [her] it was a very healthy product." She then "began consuming it on a regular basis, making special efforts to add it to my diet . . . because the label made it very clear that even eating it by itself was healthy." However, her previous sworn testimony shows that she believed coconut oil

DEFENDANTS' OBJECTIONS TO AND MOTION TO STRIKE EVIDENCE SUBMITTED BY PLAINTIFF
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION       Case No.: 3:16-cv-00532-WQH-AGS

Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101

was a healthy product eight years prior to seeing the Nature's Way label in 2015. The Court should disregard Hunter's testimony in support of class certification as a transparent effort to cast blame on a label she allegedly saw in 2015 for a belief she held as early as 2007. The Court is not required to give any weight to a self-serving statement that contradicts a previous statement under oath, and the Court should not give any weight to Hunter's statements in her declaration in support of class certification.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike paragraphs 10, 12-13, 16-17, 19, 24, 26-41, and 59 of the Fitzgerald Declaration because they purport to state facts that Plaintiff's counsel has no personal knowledge of. The Court should also strike paragraphs 11, 14, 15, 18, 19, 20, and 23 because they are improper attempts to argue the class certification motion and circumvent the page limits for that motion. The Court should also disregard the entirety of Exhibit 1 to the Fitzgerald Declaration because it is an expert report that has not been signed under penalty of perjury and is also inadmissible hearsay. Finally, the Court should strike paragraphs 2-4 of the Hunter Declaration because it contradicts the plaintiff's prior sworn testimony.

Dated:  June 26, 2017                    GORDON & REES LLP
                                         By:  /s/ Thomas R. Watson
                                              Kevin W. Alexander
                                              Michael P. Bryant
                                              Thomas R. Watson
                                              Emily S. Skrdla
                                              Attorneys for Defendants