UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY HUNTER, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>NATURE'S WAY PRODUCTS, LLC and SCHWABE NORTH AMERICA, INC.,<br><br>Defendants. | Case No.: 16-cv-0532-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are four motions filed by Plaintiff Sherry Hunter: a Motion for Class Certification (ECF No. 60), two Motions to File Documents Under Seal (ECF Nos. 61 and 77), and a Motion for Reconsideration (ECF No. 85).

**I.   Background**

On January 28, 2016, Plaintiff Sherry Hunter initiated this action by filing a Complaint against Defendants Nature's Way Products, LLC and Schwabe North America, Inc. (the "Defendants") in the Superior Court of the State of California, County of San Diego. (ECF No. 1-5). On March 2, 2016, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(d)(2)(A). (ECF No. 1).

The Complaint alleges that "Defendants have manufactured, distributed, marketed, and sold various Nature's Way brand coconut oil products . . . for at least the past several years." (ECF No. 1-5 at ¶ 49). The Complaint alleges that "[t]hrough statements placed directly on the labels of the Nature's Way coconut oil products, defendants market and advertise the products as both inherently healthy, and healthy alternatives to butter, margarine[] and other oils, even though the products' total and saturated fat content render them both inherently unhealthy, and less healthy alternatives." *Id.* at ¶ 57. The Complaint seeks "an order, *inter* alia, compelling defendants to (a) cease marketing its coconut oil products using the misleading an unlawful tactics complained of [t]herein, (b) destroy all misleading, deceptive, and unlawful materials, [and] (c) conduct a corrective advertising campaign." *Id.* at ¶ 3.

On March 14, 2016, Defendants filed a Motion to Dismiss the Complaint. (ECF No. 12). On August 12, 2016, the Court issued an Order granting the Motion to Dismiss as to Plaintiff's claims for injunctive relief and Plaintiff's claims under the "unfair" prong of the UCL, and denying it in all other respects. (ECF No. 28 at 28). In discussing Plaintiff's claims for injunctive relief, the Court

> recognized that courts in this circuit are split over the issue of whether a plaintiff, who is seeking to enjoin a seller or manufacturer from making false or misleading misrepresentations about an item the plaintiff previously purchased, must be able to establish that he would likely purchase the item again to establish standing.

*Id.* at 23 (quotations omitted). The Court concluded that Plaintiff did not have standing to bring her claims for injunctive relief:

> Plaintiffs[1] do not allege that they will purchase Defendants' coconut oil products in the future. Plaintiffs allege that they would not have purchased the products if they knew that it was misbranded or that the labeling claims were false or misleading. These allegations support an inference that now that

---

[1] The Court issued its August 12, 2016 Order before Co-Plaintiff Malia Levin was dismissed from the case. *See* ECF No. 49 (March 23, 2017) (granting the voluntary dismissal of Co-Plaintiff Malia Levin).

> Plaintiffs are aware of the alleged misrepresentations on the coconut oil labels, Plaintiffs will not purchase the products in the future. Accordingly, the Court finds that Plaintiffs have failed to allege that they face a 'real and immediate threat of repeated injury.' Plaintiffs lack Article III standing to seek injunctive relief.

*Id*. at 24 (quoting *Bates v. United Parcel Serv., Inc.,* 511 F.3d 974, 985 (9th Cir. 2007)).

On October 18, 2016 United States Magistrate Judge Andrew G. Schopler issued an Order stating "Any motion . . . to amend the pleadings . . . shall be filed by December 16, 2016." (ECF No. 37 at 1). On December 19, 2016, Magistrate Judge Schopler extended the deadline for filing amended pleadings until January 27, 2017. (ECF No. 43). Plaintiff has not filed an amended complaint.

On June 2, 2017, Plaintiff filed a Motion for Class Certification and a Motion to file under seal certain documents related to the Motion for Class Certification. (ECF Nos. 60, 61). On June 26, 2017, Defendants filed a Response in Opposition to the Motion for Class Certification and a Response in Support of Plaintiff's Motion to File Documents Under Seal. (ECF Nos. 72, 74). On July 10, 2017, Plaintiff filed a Reply to Defendants' Response in Opposition to the Motion for Class Certification and a second Motion to File Documents Under Seal. (ECF Nos. 75, 77). Plaintiff's second Motion to File Documents Under Seal seeks permission to file under seal two documents that she submitted in support of her Reply in Support of the Motion for Class Certification. *See* ECF No. 77. On August 7, 2017, Plaintiff a Notice of Supplemental Authority in Support of her Motion for Class Certification. (ECF No. 84).

On November 14, 2017, Plaintiff "move[d] the Court to reconsider that portion of its August 12, 2016 Order . . . dismissing plaintiff's claims for injunctive relief." (ECF No. 85 at 2). Plaintiff contends that the Court should reconsider the portion of the August 12, 2016 Order dismissing Plaintiff's claims for injunctive relief in light of the decision of the Court of Appeals in *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103 (9th Cir. October 20, 2017). *Id.* Plaintiff contends that she "already has standing, or at least may be able to plead facts sufficient to have standing to seek injunctive relief" under *Davidson*.

(ECF No. 85-1 at 10). Defendants filed a Response to the Motion for Reconsideration on December 4, 2017. (ECF No. 86). Defendants contend that Plaintiff does not have standing to seek injunctive relief under *Davidson* and any amendments to the Complaint would be futile. *Id.* at 13. Plaintiff filed a Reply to Defendants' Response on December 11, 2017. (ECF No. 87).[2]

## II. Motion for Reconsideration

### A. Applicable Law

A "court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. R. Civ. Pro. 60(b)(6). "Reconsideration is appropriate if . . . there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

*Davidson v. Kimberly-Clark Corp.* addressed "an open question in this circuit[:] to what extent a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." 873 F.3d 1103, 1113 (9th Cir. 2017). *Davidson* "resolve[d] this [question] in favor of plaintiffs seeking injunctive relief[,] hold[ing] that a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Id.* at 1115. The Court of Appeals found that "[k]nowledge that [an] advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). The Court of Appeals concluded that,

---

[2] On December 13, 2017, Defendants filed an Objection to Paragraph No. 3 of and Exhibit 1 to the Declaration of Paul K. Joseph included with Plaintiff's Reply in Support of the Motion for Reconsideration. (ECF No. 88). The Court has not considered this material in its resolution of Plaintiff's Motion for Reconsideration. The Court denies Defendants' Objection as moot.

consequently, previously deceived consumers "may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." The Court of Appeals explained that,

> [in]n some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to. In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved.

*Id.*

The Court of Appeals held that "a previously deceived plaintiff *may* have standing to seek injunctive relief." *Id.* at 1116 (emphasis added). The Court of Appeals determined that the plaintiff in *Davidson* "adequately alleged that she face[d] an imminent threat or actual threat of future harm caused by [the defendant's] allegedly false advertising."

> Davidson has alleged that she desires to purchase Kimberly–Clark's flushable wipes. Her desire is based on her belief that 'it would be easier and more sanitary to flush the wipes than to dispose of them in the garbage.' As in *Ries*,[3] the FAC is 'devoid of any grounds to discount [Davidson's] stated intent to purchase [the wipes] in the future.' 287 F.R.D. at 533. And '[s]hould [Davidson] encounter the denomination ['flushable'] on a [Kimberly–Clark wipes package] at the grocery store today, [she] could not rely on that representation with any confidence.' *Id*. We therefore hold that Davidson's allegation that she has 'no way of determining whether the representation 'flushable' is in fact true' when she 'regularly visits stores . . . where Defendants' 'flushable' wipes are sold' constitutes a 'threatened injury [that is] certainly impending,' thereby establishing Article III standing to assert a claim for injunctive relief.

*Id.* (alterations in original).

**B.     Standing Under Plaintiff's Current Complaint**

---

[3]*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012).

5

Plaintiff contends that the allegations in the Complaint are sufficient for her to have standing to bring her claims for injunctive relief under *Davidson*. (ECF No. 85-1 at 10). Defendants contend that Plaintiff does not have standing based on the allegations in her complaint because she "has not alleged that she desires to continue purchasing Nature's Way extra virgin coconut oil." (ECF No. 86 at 9).

To have standing to seek injunctive relief, a previously deceived consumer who brings a false advertising claim must "adequately allege[] that [he or she] faces an imminent threat or actual threat of future harm caused by [the defendant's] allegedly false advertising." *Davidson*, 873 F.3d at 1116. A plaintiff can do so by making "plausible allegations that [he or] she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 1115. The Court of Appeals held that the plaintiff in *Davidson* had done so by alleging that (1) she "continues to desire to purchase wipes that are suitable for disposable in a household toilet," (2) she "would purchase truly flushable wipes manufactured by [the defendant] if it were possible to determine prior to purchase if the wipes were suitable to be flushed," (3) she has "no way of determining whether the representation 'flushable' is in fact true," and (4) she regularly visits stores . . . where Defendants' 'flushable' wipes are sold." *Id.* at 1108, 1116 (quoting the plaintiff's complaint).

Plaintiff does not allege (1) that she continues to desire to purchase a healthy alternative cooking oil, (2) that she would purchase coconut oil manufactured by the Defendants if it were possible to determine prior to purchase that the coconut oil was a healthy alternative to other cooking oils, (3) that she has no way of determining whether the any future representation that Defendants might make that their coconut oil is a healthy alternative to other cooking oils is in fact true, or (4) that she visits stores where Defendants' coconut oil is sold. Plaintiff has not made "plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to." *Id.* at 1115. Plaintiff does not have standing to assert her claims for injunctive relief based on the allegations in the Complaint.

### C. Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), "court[s] should freely give leave [to amend] when justice so requires." Courts should only deny leave to amend when there is an "an apparent or declared reason [to do so] such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff contends that the Court should grant Plaintiff leave to amend because none of the "*Foman* factors" apply. (ECF No. 85-1 at 12). Plaintiff contends that amending the Complaint would not be futile because "nothing in the Complaint precludes plaintiff from plausibly alleging that she may be injured in the future by defendants' false advertising if not corrected." *Id.* Defendants contend that any amendment to the Complaint would be futile for three reasons: (1) because Defendants have already removed the allegedly misleading claims from the labels at issue, (2) because "Plaintiff has specifically admitted that she is in fact not interested in buying any more coconut oil for consumption," and (3) because coconut oil is a single ingredient product, Plaintiff is already aware of its alleged health consequences, and any speculation about potential changes Defendants could make to its product cannot support Article III standing. (ECF No. 86 at 8-12).

At this stage in the proceedings, the Court cannot conclude that Plaintiff is precluded from alleging facts showing that she faces an imminent or actual threat of future harm that is sufficient for her to have standing to bring claims for injunctive relief.

///
///
///
///
///
///
///

## III. Conclusion

IT IS HEREBY ORDERED that

(1) Plaintiff's Motion for Reconsideration is GRANTED. Plaintiff may file an amended complaint within twenty days of the date of this Order.

(2) Plaintiff's Motion for Class Certification (ECF No. 60) is DENIED as moot.

(3) Plaintiff's Motions to File Document's Under Seal (ECF Nos. 61 and 77) are GRANTED.

Dated: January 9, 2018

Hon. William Q. Hayes
United States District Court