1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY HUNTER, on behalf of herself, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>NATURE'S WAY PRODUCTS, LCC, and SCHWABE NORTH AMERICA, INC.,<br><br>Defendant. | Case No: 3:16-cv-00532-WQH-AGS<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Hon. William Q. Hayes |

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, Plaintiff Sherry Hunter has moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action in accordance with the Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit 1 to the Declaration of Jack Fitzgerald in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement (the "Motion"), which Settlement Agreement sets forth the terms and conditions for a proposed classwide settlement of the Action;

WHEREAS, the Court, has read and considered the Settlement Agreement and considered Plaintiff's Motion; and

WHEREAS, all capitalized terms herein have the same meanings as set forth in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY FOUND AND ORDERED:**

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. The Court finds on a preliminary basis that the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness. Therefore, the Court preliminarily approves the Settlement Agreement and the Settlement set forth therein, as fair, reasonable, and adequate to the Class.

3. The Court conditionally certifies, for settlement purposes only, a Class defined as all persons in the United States who purchased, for personal or household use, Nature's Way Extra semi-solid Extra Virgin Coconut Oil in 16-ounce or 32-ounce jars and/or Nature's Way Liquid Coconut Cooking Oil in 10-ounce or 20-ounce jars.

4. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the plaintiffs and

proposed Class Representatives are typical of the claims of the Settlement Class; (d) the plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual the Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5. The Court appoints Plaintiff Sherry Hunter as Class Representative.

6. The Court appoints The Law Office of Paul K. Joseph, PC, and The Law Office of Jack Fitzgerald, PC as Class Counsel.

7. The Court finds that, subject to the Final Approval hearing, the proposed Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive arms'-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and supervision of the Hon. Andrew G. Schopler (b) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

8. The Court hereby approves RG2 to act as Claims Administrator, and approves the form and content of the Class Notice in the form attached to the Settlement Agreement as Exhibit A (Long Form Notice). The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves the Notice Plan as set forth in Section V of the Settlement Agreement and in the Declaration of William W. Wickersham, attached to the Settlement Agreement as Exhibit B.

9. The Court adopts the schedule proposed by Plaintiff, as follows:

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date Court grants preliminary approval | 0 | - |
| Deadline to commence direct notice | 7 | 1 week |
| Deadline to complete direct notice | 30 | 4 weeks |
| Deadline to make a claim or opt out | 45 | 6 weeks |
| Deadline for plaintiffs to file Motions for Final Approval, Attorneys' Fees, and Incentive Awards | 60 | 8 weeks |
| Deadline for objections | 70 | 9 weeks |
| Deadline for replies to objections[1] | 75 | 10 weeks |
| Final approval hearing date | 84 | 12 weeks |

10. A hearing (the "Final Approval Hearing") has been reserved on _____, 2019, to be held before this Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment as provided in the Settlement Agreement should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and any award to the Plaintiffs for their representation of, or service on behalf of, the Settlement Class.

11. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

---

[1] The Parties may, but are not required to respond to any objections.

12. All discovery and proceedings in this Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of the Settlement Agreement.

13. By entering this order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendants.

14. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

Dated: _____, 2019

_____
Hon. William Q. Hayes
United States District Judge