**THE LAW OFFICE OF
PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (SBN 287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 309
San Diego, CA 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

**THE LAW OFFICE OF
JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555
*Counsel for Plaintiff and
the Settlement Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY HUNTER on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>NATURE'S WAY PRODUCTS, LLC and SCHWABE NORTH AMERICA, INC,<br><br>Defendants. | Case No: 3:16-cv-00532-WQH-AGS<br><br>**DECLARATION OF JACK FITZGERALD IN SUPPORT OF MOTIONS FOR FINAL APPROVAL AND ATTORNEYS' FEES AND COSTS**<br><br>Date: December 13, 2019<br>Time: 1:30 p.m.<br>Courtroom: 14B<br>Judge: Hon. William Q. Hayes |

I, Jack Fitzgerald, declare:

1. I am a member in good standing of the State Bars of California and New York; and of the United States District Courts for the Northern, Eastern, Central, and Southern Districts of California, the Southern and Eastern Districts of New York, and the Western District of Wisconsin; and of the United States Court of Appeals for the Ninth Circuit. I make this Declaration based on my own personal knowledge in support of plaintiff's motion for final approval and for attorneys' fees and costs.

2. The Law Office of Jack Fitzgerald, PC ("LOJF"), currently employs three full-time attorneys including me. LOJF has significant experience litigating consumer fraud class actions, particularly in the food, drug, and dietary supplement industries. Attached as **Exhibit 1** is a copy of LOJF's current resume.

## THE CLASS'S REACTION TO THE SETTLEMENT

3. Following preliminary approval, notice was sent to the class in accordance with the Notice Plan. I have been informed by RG2 that there are approximately 76,416 valid claims.

4. As of the date of the filing of Plaintiff's Motion for Final Approval, we have received no objections and are informed that RG2 has not received any objections or opt outs.

## LOJF HOURS AND LODESTAR

5. My firm's practice is to keep contemporaneous records for each timekeeper and to regularly record time records in the normal course of business; and we kept time records in this case consistent with that practice. My firm's practice is to bill in 6-minute (tenth-of-an-hour) increments.

6. Prior to calculating the number of hours in this matter, we reviewed those records for errors and exercised billing discretion to remove time that was performed by administrative staff and paralegals. For example, two paralegals bill hours on this matter, but their time was not included in calculating the lodestar. Thus, the number of hours used to

calculate the lodestar is lower than the number of hours my office actually expended in litigating this matter.

7. The total lodestar for LOJF is $424,158.50, based on 617.0 hours for work through November 5, 2019. This does not include additional work performed after November 5 relating to Plaintiff's motion for final approval and for attorneys' fees, costs, and incentive awards, responding to any objections, if any, and preparing for and attending the final approval hearing. LOJF's hours on the matter can be categorized as follows.

| Task | Hours | % |
|---|---|---|
| Investigation and Complaint | 5.3 | 0.8% |
| Rule 12 Briefing | 21.7 | 3.5% |
| Case Management | 20.7 | 3.4% |
| Party Written Discovery | 128.4 | 20.8% |
| Third Party Written Discovery | 0.9 | 0.1% |
| Motions to Compel | 39.4 | 6.4% |
| Fact Witness Depositions | 55.4 | 9.0% |
| Expert Witness Depositions | 62.6 | 10.1% |
| Work with Plaintiff Experts | 50.3 | 8.2% |
| Class Certification and Related Motions | 194.8 | 31.6% |
| Mediation and Settlement | 12.2 | 2.0% |
| Motion for Preliminary Approval | 25.3 | 4.1% |
| Total = | 617.0 | 100% |

8. LOJF's lodestar based on these hours is set forth in the table below.

| Timekeeper | Position | Rate | Hours | Amount |
|---|---|---|---|---|
| Jack Fitzgerald | Principal | $750 | 426.60 | $319,950.00 |
| Trevor Flynn | Associate | $575 | 109.30 | $62,847.50 |
| Melanie Persinger | Associate | $510 | 81.10 | $41,361.00 |
| | | Total = | 617.0 | $424,158.50 |

2

*Hunter v. Nature's Way Products, LLC et al.*, No. 16-cv-532-WQH-AGS
DECLARATION OF JACK FITZGERALD

9.  LOFJ's rates are reasonable because they are consistent with both previous fee awards, and prevailing rates for attorneys of similar experience, skill, and reputation.

10. First, the rates are consistent with rates recently approved for the above timekeepers as follows. In April 2018, the Honorable Michael M. Anello found reasonable hourly rates of $665 for me, $515 for Mr. Flynn, and $440 for Ms. Persinger. *Rodriguez v. Bumble Bee Foods, LLC*, 2018 WL 1920256, at *6-7 (S.D. Cal. Apr. 24, 2018). Our current rates reflect a 12.8%, 11.7%, and 15.9% increase, respectively, in the more than 18 months since that decision, to account for the fact that "hourly attorney fee rates generally increase over time with inflation," *Tehachapi Unified Sch. Dist. v. K.M. by & Through Markham*, 2019 WL 331153, at *6 (E.D. Cal. Jan. 25, 2019).

11. In May 2018, the Honorable Audrey G. Fleissig, District Court Judge for the Eastern District of Missouri, approved rates of $715 for me, $550 for Mr. Flynn, and $485 for Ms. Persinger, for work performed in the Southern California market. *See Rawa v. Monsanto Co.*, 2018 WL 2389040, at *5 (E.D. Mo. May 25, 2018) (accepting counsel's proposed lodestar), *aff'd* 934 F.3d 862 (8th Cir. 2019); *see also* Dkt. No. 288-3, Persinger Decl. Ex. 2 (excerpts of the Supplemental Declaration of Jack Fitzgerald in Support of Motion for Attorneys' Fees, Costs, and Incentive Awards in *Rawa* showing rates and lodestar). The rates requested here, 18 months later, represent a modest 5% increase from these rates.

12. Second, the requested rates are consistent with prevailing rates in the community for attorneys of similar experience, skill, and reputation. *See Manner v. Gucci Am., Inc.*, 2016 WL 6025850 (S.D. Cal. Oct. 13, 2016) (three years ago approving rates of $790 for named partner of San Diego law firm in class action settlement, and rates between $435 and $600 for other attorneys); *Makaeff v. Trump Univ., LLC*, 2015 WL 1579000, at *4-5 (S.D. Cal. Apr. 9, 2015) (four years ago approving rates between $250 and $440 for associates and $600 to $825 for partners); *Morey v. Louis Vuitton N. Am., Inc.*, 2014 WL 109194, at *10 (S.D. Cal. Jan. 9, 2014) (Hayes, J.) (approving rates of $650 - $675 for partners, and $350 - $500 for associates).

**LOJF COSTS**

13. LOJF also incurred $59,948.30 in costs that were reasonably necessary for the successful prosecution of this action.[1] The costs incurred by my firm are summarized below:

| Description | Amount |
|---|---|
| Filing and Service Fees | $3,601.91 |
| Deposition Expenses | $6,537.20 |
| Expert Expenses | $46,997.50 |
| Travel Expenses (Transportation and Hotels) | $1,927.74 |
| Travel and Working Meals | $143.95 |
| Other Expenses | $690.00 |
| **Total** | **$59,948.30** |

14. These costs are also individually itemized in **Appendix A** to this Declaration.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of November, 2019, in San Diego, California.

/s/ Jack Fitzgerald
Jack Fitzgerald

---

[1] LOJF does not seek reimbursement for photocopying, legal research, and PACER charges.

# APPENDIX A

## Costs Recoverable Under California Code of Civil Procedure § 1033.5(a)

| **Service and Filing Fees** | |
|---|---|
| One Legal – Filing Fee for Hunter v. Nature's Way | $1,482.26 |
| One Legal – Fee for Filing CLRA Venue Affidavit | $9.95 |
| One Legal – Fee for Filing Proof of Service | $9.95 |
| One Legal – Filing fee for Proof of Service of Summons & Complaint | $9.95 |
| AMS – Service for 3rd Party Subpoenas | $2,089.80 |
| Total = | **$3,601.91** |
| | |
| **Deposition Expenses** | |
| Check to TSG for Jeff Volek Deposition Coverage | $1,319.70 |
| Check to TSG for Dr. David Stewart deposition coverage | $2,217.50 |
| Check to Dr. David Stewart for deposition testimony | $3,000.00 |
| Total = | **$6,537.20** |
| | |
| **Total Expenses Recoverable Under California Code of Civil Procedure §§ 1033.5(a)** | **$10,139.11** |

## Costs Recoverable Under California Code of Civil Procedure § 1033.5(c)

| **Expert Expenses** | |
|---|---|
| Check to Dr. Greger for work on Nature's Way | $110.00 |
| Colin Weir Invoice | $7,150.00 |
| Check to Mike Dennis for Nature's Way (Invoice No. 1142) | $2,100.00 |
| Check to Mike Dennis for Nature's Way (Invoice No. 1143) | $4,000.00 |
| Check to Colin Weir for Invoice # 201706726, 201706729 | $33,637.50 |
| Total = | **$46,997.50** |
| | |
| **Travel Expenses (Transportation and Hotels)** | |
| Hotels.com – Accommodations for JF/PKJ for Schwabe 30(b)(6) Deposition | $129.31 |
| Hotels.com – Accommodations for JF/PKJ for Schwabe 30(b)(6) Deposition | $127.64 |
| Hotels.com – Accommodations for JF/PKJ for Schwabe 30(b)(6) Deposition (included credit issued after prior cancellation) | $16.96 |
| JF Airfare for Schwabe Rule 30(b)(6) Deposition | $623.60 |

| | | |
|---|---|---|
| 1 | JF Uber, Home to SAN Airport for flight to Milwaukee for Schwabe 30(b)(6) deposition | $17.31 |
| 2 | Shell Oil – Rental Car Fill after Schwabe 30(b)(6) deposition | $18.95 |
| 3 | JF Check Bag Fee, Delta, flight to Milwaukee for Schwabe 30(b)(6) deposition | $25.00 |
| 4 | Dollar Rental Car – Rental for trip from Milwaukee to Green Bay and back for Schwabe 30(b)(6) deposition | $157.01 |
| 5 | JF Check Bag Fee, Delta, flight home to SAN from Schwabe 30(b)(6) deposition | $25.00 |
| 6 | Uber – JF Ride home from SAN after Schwabe 30(b)(6) deposition | $22.06 |
| 7 | JF Breakfast at Minneapolis Airport on trip home from Schwabe 30(b)(6) deposition. | $11.77 |
| 8 | Southwest – Flight for TMF to Columbus, Ohio to 2nd chair deposition of Jeff Volek | $703.96 |
| 9 | Uber – Ride home for Sherry Hunter after deposition preparation | $19.17 |
| 10 | Parking for Savannah Hunter deposition | $30.00 |
| | **Total =** | **$1,927.74** |
| | | |
| | **Travel and Work Meals** | |
| | Marketplace - Lunch for Sherry Hunter deposition preparation | $36.00 |
| | Urban Crave - JF Breakfast for trip to Milwaukee for Schwabe 30(b)(6) deposition | $17.67 |
| | Grub hub - JF meal while working on Nature's Way | $23.28 |
| | Grub hub - JF meal while working on Nature's Way | $40.00 |
| | Grub hub - JF meal while working on Nature's Way | $27.00 |
| | **Total** | **$143.95** |
| | | |
| | **Other Expenses** | |
| | Deadlines - Calendaring (Nature's Way) | $690.00 |
| | **Total** | **$690.00** |
| | | |
| | **Total Expenses Recoverable Under California Code of Civil Procedure §§ 1033.5(c)** | **$49,809.19** |

# Exhibit 1

# The Law Office of Jack Fitzgerald, PC

Hillcrest Professional Building | 3636 Fourth Avenue, Suite 202 | San Diego, California 92103
Phone: (619) 692-3840 | Fax: (619) 362-9555

www.jackfitzgeraldlaw.com

---

## Firm Resume – November 2019

### Overview

Founded in 2013, The Law Office of Jack Fitzgerald, PC is primarily engaged in complex litigation, with an emphasis on consumer protection and intellectual property, including through class actions. We investigate marketplace fraud, and represent consumers and companies against entities that falsely advertise or otherwise market their products in a deceptive, misleading, or unfair manner. We have substantial experience in many different industries, including foods, dietary supplements, homeopathic remedies, cosmetics, fashion and accessories, computer hardware and software, telecommunications, music, sports, database protection and privacy, financial services, medical products, health services, and Internet/e-commerce marketing methods. Representative matters are described below.

• ***Hadley v. Kellogg Sales Co.*, 324 F. Sup. 3d 1084 (N.D. Cal. 2018); *Hadley v. Kellogg Sales Co.*, 2019 WL 3804661 (N.D. Cal. Aug. 13, 2019)** – Obtained certification of a damages class pursuant to Rule 23(b)(3) in action alleging Kellogg used health and wellness claims on Raisin Bran, Smart Start, and Frosted Mini-Wheats cereals that were misleading in light of the products' high sugar content. Later obtained summary judgment on behalf of the certified Class for Kellogg's use of certain heart health statements on Raisin Bran and Smart Start. Subsequently obtained settlement agreement valued at over $31 million, including $20.25 million in direct monetary relief. *See Hadley v. Kellogg Sales Co.*, Case No. 16-cv-4955-LHK (N.D. Cal.), Dkt. No. 325 (Motion for Preliminary Approval (*pending*)).

• ***Martin v. Monsanto Co.*, 2017 WL 1115167 (C.D. Cal. Mar. 24, 2017); *Rawa et al. v. Monsanto Co.*, 2018 WL 2389040 (E.D. Mo. May 25, 2018); *Rawa et al. v. Monsanto Co.*, 934 F.3d 862 (8th Cir. 2019)** – Obtained certification of damages class pursuant to Rule 23(b)(3) in action alleging that Monsanto overstated the amount of spray solution its Roundup Concentrate herbicides made. After transfer to Missouri, on December 6, 2017, obtained final approval of settlement involving $21.5 million, non-reversionary common fund, which was recently affirmed by the Eighth Circuit. In affirming, the Eighth Circuit noted "**the skill required by counsel to perform the work properly, especially on a nationwide basis, [under the] time limits imposed in the [California case], the experience and ability of the attorneys, and significantly, the large amount involved and excellent result achieved**," as well as "**class counsel's general efficiency**," 934 F.3d at 870.

• ***Rodriguez v. Bumble Bee Foods, LLC*, 2018 WL 1920256 (S.D. Cal. Apr. 24, 2018)** – Allegations that Bumble Bee misleadingly and unlawfully advertised its Premium Select Medium Red Smoked Salmon Filets in Oil as wild smoked salmon. Shortly after filing, defendant agreed to drastically change the challenged label to settle the action. On April 24, 2018, the Honorable Michael M. Anello granted final approval (Dkt. No. 25).

**2** | P a g e

• ***Hunter v. Nature's Way Prods., LLC*, No. 3:16-cv-00532-WQH-AGS (S.D. Cal.)** – Allegations that Nature's Way misleadingly and unlawfully advertised its coconut oil as healthy. Following the filing of plaintiff's motion for class certification, the parties reached a settlement, which included monetary and injunctive relief. (*See* Dkt. No. 97.) Plaintiff will file shortly her motion for preliminary approval of the settlement.

• ***Boswell et al. v. Costco Wholesale Corp.*, No. 8:16-cv-00278-DOC-DFM (C.D. Cal.)** –Allegations that Costco misleadingly and unlawfully advertised its Kirkland brand coconut oil as healthy. Settlement involving $775,000 common fund and Costco's agreement to cease using "health" claims to market coconut oil granted final approval on December 13, 2017 (Dkt. No. 133).

• ***Ducorsky v. Premier Organics*, No. HG16801566 (Alameda Super. Ct.)** - Allegations that Premier Organics misleadingly and unlawfully advertised its coconut oil as healthy. Settlement involving $312,500 common fund and Premier Organic's agreement to cease using the challenged claims to market coconut oil granted final approval on February 6, 2018.

• ***Cumming v. BetterBody Foods & Nutrition, LLC*, No. 37-2016-00019510-CU-BT-CTL (San Diego Super. Ct.)** – Allegations that BetterBody misleadingly and unlawfully advertised its coconut oil products as healthy, despite that scientific evidence demonstrates coconut oil consumption increases risk of cardiovascular heart disease, stroke, and death. Case settled prior to filing for a $1.1 million common fund and BetterBody's agreement to remove all challenged health and wellness claims from the labels of its coconut oil products. Court granted settlement final approval on February 24, 2017.

• ***Belardes v. Capay Inc.*, No. 37-2014-00041774-CU-MC-CTL (San Diego Super. Ct.)** – Allegations that Capay unlawfully charged 49,416 Californians for unordered merchandise by enrolling unsuspecting consumers in its home produce delivery service, Farm Fresh to You, and violated the California Rosenthal Fair Debt Collection Practices Act by attempting to collect on fraudulent debts resulting from the unordered merchandise. Obtained settlement cancelling more than $3 million in disputed debt, providing nearly $400,000 in free deliveries, and obligating Capay to engage in a variety of business practice changes to ensure problems did not reoccur, as well as to send to customers a corrective message. In approving the settlement on December 4, 2015, the Court found the action **"resulted in the enforcement of an important right affecting the public interests,"** and noted the **"excellent results obtained for the Class and general public."**

## Attorneys

**Jack Fitzgerald - Principal**

Mr. Fitzgerald is an accomplished class action attorney who has been appointed class counsel in numerous cases and helped victimized consumers recover millions of dollars. Mr. Fitzgerald is also a successful appellate advocate. His efforts briefing and presenting oral argument led the Ninth Circuit Court of Appeals to issue an important pro-consumer decision in ***Reid v. Johnson & Johnson*, 780 F.3d 952 (9th Cir. 2015)**. Other representative matters include:

> ***Gallucci v. Boiron, Inc.*, No. 11-cv-2039-JAH (S.D. Cal.)** – Allegations that Boiron misleadingly marketed homeopathic products. Obtained nationwide settlement that included $5 million

and significant changes to Boiron's marketing practices. *Gallucci v. Boiron, Inc.*, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012). Following oral arguments in which Mr. Fitzgerald appeared on behalf of the certified class, the Ninth Circuit affirmed the court's final settlement approval. *Gallucci v. Gonzales*, 603 Fed. Appx. 533 (9th Cir. Feb. 24, 2015).

***In re Ferrero Litigation*, No. 11-cv-205-H-KSC (S.D. Cal.)** – Allegations that Ferrero misleadingly advertised Nutella spread as a healthy breakfast for children. Obtained certification of a California class, *In re Ferrero Litig.*, 278 F.R.D. 552 (S.D. Cal. 2011), then a settlement that provided the class monetary and injunctive relief, which the Honorable Marilyn L. Huff characterized as an **"excellent result[] obtained for the class,"** *In re Ferrero Litig.*, 2012 WL 2802051, at *4 (S.D. Cal. July 9, 2012). In July 2014, the Ninth Circuit upheld the settlement approval, noting that **"counsel's procurement of monetary and injunctive relief appears to have been an exceptional result."** *In re Ferrero Litig.*, 583 Fed. App'x 665, 667 (9th Cir. 2014). Mr. Fitzgerald argued both the class certification and final approval motions below, and the appeal.

***In re Apple & AT&T iPad Unlimited Data Plan Litigation*, No. 10-cv-2553-RMW (N.D. Cal.)** – Allegations that, when they announced the first iPad, Apple and AT&T engaged in a "bait and switch" scheme by promising a no-contract, unlimited data plan during the three-month pre-order period, then got rid of the plan within a week after iPads started shipping. In March 2014, the Honorable Ronald M. Whyte approved a settlement that required defendants to refund iPad purchasers who made a claim $40 each, as well as to make available a more favorable data plan for certain purchasers.

***In re Qunol CoQ10 Liquid Labeling Litigation*, No. 11-cv-173-DOC (C.D. Cal.)** – Allegations that defendants misleadingly labeled a dietary supplement as providing "six times more absorption." Obtained certification of a nationwide class, *Bruno v. Quten Research Institute, LLC*, 280 F.R.D. 524 (C.D. Cal. 2011), and avoided decertification following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *see Bruno v. Eckhart Corp.*, 280 F.R.D. 540 (C.D. Cal. 2012). Obtained class settlement obligating defendants to provide refunds and refrain from advertising the product as providing six times more absorption. *Bruno v. Quten Research Institute, LLC*, 2013 WL 990495 (C.D. Cal. Mar. 13, 2013).

***In re Quaker Oats Labeling Litigation*, No. 10-cv-502-RS (N.D. Cal.)** – Allegations that Quaker labeled food products containing artificial trans fat with misleading health and wellness claims. In July 2014, the Honorable Richard Seeborg granted final approval to a settlement that required Quaker to remove partially hydrogenated vegetable oils containing artificial trans fat from a wide variety of bar and oatmeal products.

***In re Nucoa Real Margarine Labeling Litigation*, No. 10-cv-927-MMM (C.D. Cal.)** – Action alleging that Smart Balance, Inc. misleadingly marketed as "healthy" a stick margarine containing artificial trans fat. In June 2012, the Honorable Margaret M. Morrow approved a settlement in which defendant established a fund to provide consumers with refunds, and agreed to remove the trans fat from Nucoa margarine.

***Rosen v. Unilever United States, Inc.*, No. 09-cv-2563-JW (N.D. Cal.)** – Action alleging that Unilever misleadingly marketed soft spread and stick margarines containing artificial trans

4 | P a g e

fat. In June 2011, the Honorable James Ware granted final approval of a settlement that required Unilever to reformulate 40 brand-name and private-label margarines to remove partially hydrogenated vegetable oil containing artificial trans fat.

Mr. Fitzgerald previously was an associate in the New York office of Baker & Hostetler LLP, and the Palo Alto office of Mayer Brown LLP. He obtained his J.D. from New York University in 2004, where he was Editor of the Law Review, and graduated from Cornell University *magna cum laude* in 2001, with a B.A. in American Studies. Mr. Fitzgerald was admitted to practice law in New York in 2005 and California in 2008. He is admitted to practice before several federal courts throughout the country, as well as the United States Courts of Appeal for the Second, Eighth, and Ninth Circuits.

**Trevor M. Flynn - Associate**

Mr. Flynn is an experienced trial attorney who has conducted dozens of trials and arbitrations, and hundreds of contested evidentiary hearings.

He has litigated complex securities cases, representing large groups of investors, including in connection with the massive financial fraud involving Peregrine Systems, Inc., resulting in a $26 million judgment. Mr. Flynn also has longstanding experience litigating matters involving unfair business practices, common law fraud, breach of fiduciary duty, malpractice, and employment (wage and hour) violations.

Mr. Flynn has served the community of San Diego for many years as both a lawyer for a San Diego 501(c)(3) non-profit law firm, and as a Deputy County Counsel for San Diego County. Mr. Flynn was recognized as a 2012 Attorney of the Year for his non-profit work.

Mr. Flynn received his B.A. from U.C. San Diego and his J.D. from the University of San Diego School of Law, where he was a leading member of the school's renowned National Mock Trial Team, and also interned at the school's Legal Clinic on cases involving child support arrears, unlawful tenant detainer, and termination of social security disability benefits.

**Melanie Persinger - Associate**

Ms. Persinger is an experienced class action attorney who has been appointed class counsel in numerous complex consumer protection and false advertising cases. She also has been an integral part of the litigation team in class actions involving the false advertising of coconut oils, high-sugar foods, and foods made with artificial trans fat, including against companies like General Mills, Kellogg, Post, Nutiva, Nature's Way, Costco, Kroger, Kraft, Quaker, Johnson & Johnson, Smart Balance, and many others. In addition to her several years of class action practice, Ms. Persinger is a Registered Patent Agent.

Ms. Persinger graduated from San Diego State University, *magna cum laude*, with distinction in Civil Engineering. She received her J.D. from the University of Michigan Law School, where she was awarded Honors in Legal Practice, and was Contributing Editor of the *Michigan Telecommunications & Technology Law Review*.