THE LAW OFFICE OF
**PAUL K. JOSEPH, PC**
PAUL K. JOSEPH (287057)
*paul@pauljosephlaw.com*
4125 W. Pt. Loma Blvd. No. 309
San Diego, CA 92110
Phone: (619) 767-0356
Fax: (619) 331-2943

THE LAW OFFICE OF
**JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiff
and the Settlement Class*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHERRY HUNTER on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>NATURE'S WAY PRODUCTS, LLC and SCHWABE NORTH AMERICA, INC,<br><br>Defendants. | Case No: 3:16-cv-00532-WQH-AGS<br><br>**DECLARATION OF PAUL K. JOSEPH IN SUPPORT OF MOTIONS FOR FINAL APPROVAL AND ATTORNEYS' FEES AND COSTS**<br><br>Date:        December 13, 2019<br>Time:       1:30 p.m.<br>Courtroom: 14B<br>Judge:      Hon. William Q. Hayes |

I, Paul K. Joseph, declare:

1. I am a member in good standing of the state bar of California, and of the United States District Courts for the Northern, Central, Eastern, and Southern Districts of California. I make this declaration based on my own personal knowledge in support of plaintiff's motion for final approval and for attorneys' fees and costs.

2. The Law Office of Paul K. Joseph, PC (LOPKJ), was established in May 2015 and specializes in class action litigation, with a particular focus on consumer protection and false advertising cases. Each of LOPKJ's two attorneys is an experienced civil litigator and the firm brings significant expertise to this matter.

3. Attached hereto as **Exhibit 1** is a true and correct copy of the firm's current resume.

## THE CLASS'S REACTION TO THE SETTLEMENT

4. Following preliminary approval, notice was sent to the class in accordance with the Notice Plan. I have been informed by RG2 that there are approximately 76,416 valid claims.

5. As of the date of the filing of Plaintiff's Motion for Final Approval, we have received no objections and are informed that RG2 has not received any objections or opt-outs.

## LOPJ HOURS AND LODESTAR

6. My firm's practice is to keep contemporaneous records for each timekeeper and to regularly record time records in the normal course of business; and we kept time records in this case consistent with that practice. My firm's practice is to bill in 6-minute (tenth-of-an-hour) increments.

7. In calculating Class Counsel's reasonable lodestar for purposes of this fee application, we began with all timekeepers' raw records, then reviewed individual entries and exercised billing discretion to cut time or entries that seemed erroneous, duplicative, excessive, or administrative in nature. For example, although Ms. Kemler Vanden Berg and

I both attended the settlement conference with Magistrate Judge Schopler, Ms. Kemler Vanden Berg's time attending the conference was not billed. Likewise, before calculating its lodestar, Class Counsel exercised billing discretion to voluntarily cut administrative and paralegal work by other time keepers.

8. After exercising billing discretion, we decided that Ms. Kemler and I would be the only time keeper for whom fees would be applied for from my firm (eliminating hours by administrative staff and law clerks).

9. Thus, the number of hours used to calculate the lodestar is lower than the actual number of hours expended in litigating this matter.

10. Following this, we reviewed individual billing entries and categorized the time to specific aspects of the litigation as seen in the table below.

| Task | Hours | Percent |
| --- | --- | --- |
| Investigation and Complaint | 25.5 | 3.9% |
| Rule 12 Briefing | 65.7 | 10.0% |
| Case Management | 2.8 | 0.4% |
| Party Written Discovery | 82 | 12.5% |
| Third Party Written Discovery | 8.9 | 1.4% |
| Motions to Compel | 18.7 | 2.9% |
| Fact Witness Depositions | 87.5 | 13.4% |
| Expert Witness Depositions | 62.3 | 9.5% |
| Work with Plaintiff Experts | 81.8 | 12.5% |
| Class Certification and Related Motions | 133.8 | 20.5% |
| Mediation and Settlement | 24.4 | 3.7% |
| Motion for Preliminary Approval | 19.3 | 3.0% |
| Motion for Final Approval and Fee Motion | 41.1 | 6.3% |
| Total = | 653.8 | 100% |

11. LOPJ's current rates are as follows:

| Timekeeper | Position | Rate Requested | Total Hours | Total Amount |
|---|---|---|---|---|
| Paul K. Joseph | Principal | $600 | 584.1 | $350,460.00 |
| Richelle Kemler Vanden Bergh | Associate | $500 | 69.7 | $34,850.00 |
| | | Total = | 653.8 | $385,310.00 |

12. As described below, these rates are in line with the rates for class action attorneys in Southern California.

13. The total lodestar for LOPJ is $385,310.00. This lodestar is based on 653.80 total hours of work done so far, not including any hours expended after November 5, 2019 This does not include additional work performed finalizing and filing plaintiff's motion for final approval and for attorneys' fees, costs, and incentive awards, responding to any objections, or preparing for and attending the final approval hearing. LO's hours on the matter can be categorized as follows.

## REQUESTED RATES

14. My firm's requested rates are consistent with the prevailing rates for attorneys of similar experience, skill, and reputation in Southern California.

**A. Mr. Joseph's Rate**

15. I am the Principal of my firm and have been practicing complex litigation, specifically consumer protection class actions my entire career. In 2015, I founded the Law Office of Paul K. Joseph, PC, which specializes in consumer protection class actions. I have successfully litigated numerous class actions, including several class actions involving similar false and misleading health and wellness claims on coconut oils.

16. The reasonableness of my rate is demonstrated by the fact that it is in line with or below the prevailing rates for partners or principals in consumer protection class actions in Southern California, which typically range from $600 to $825.

3
*Hunter v. Nature's Way Products, LLC et al.*, No. 16-cv-532-WQH-AGS
DECLARATION OF PAUL K. JOSEPH

17. In *Morey v. Louis Vuitton N. Am., Inc.*, Judge Hayes approved partner rates of $650 and $675 on evidence that "[d]istrict [c]ourts have, on numerous occasions, 'found reasonable attorneys fees based on rates of $650 for partner services'" 2014 U.S. Dist. LEXIS 3331, *26-27 (S.D. Cal. Jan. 9, 2014) (citations omitted). Given Mr. Joseph's lower rate of $600, this supports a finding that his requested rate is reasonable.

18. In 2015, in *Makaeff v. Trump Univ., LLC*, Makaeff's counsel requested rates of "$600 to $825 for partners," and the court found these "hourly rates for associates and partners are reasonable" despite defendant's arguments to the contrary. 2015 U.S. Dist. LEXIS 46749, *11-15 (S.D. Cal. April 9, 2015). This supports finding a rate of $600 for Mr. Joseph is reasonable because it is on the low end of the rates approved for partners/principals in consumer protection class actions in Southern California.

19. Approximately 5 years ago, the court in *Carr v. Tadin, Inc.*, found a rate of $650 to be reasonable for Mr. Ronald Marron, who was a partner/principal. 51 F. Supp. 3d 970, 978-979 (S.D. Cal. Dec. 5, 2014). This supports finding a rate of $600 for Mr. Joseph is reasonable because not only is Mr. Joseph's rate lower, nearly 5 years have elapsed since Mr. Marron's rate was approved in *Carr* and Mr. Joseph's rate does not account for the inflation that has occurred since that time. *See Tehachapi Unified Sch. Dist. v. K.M. by & Through Markham*, 2019 WL 331153, at *6 (E.D. Cal. Jan. 25, 2019) ("hourly attorney fee rates generally increase over time with inflation,").

20. In 2012, the court in *Gallucci v. Boiron, Inc.*, found that a rate of $650 per hour rate for partners/principals was reasonable and up to $500 for associates was reasonable. 2012 U.S. Dist. LEXIS 157039, 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012). This again indicates that Mr. Joseph's rate of $600 is reasonable and in line with the rates in the prevailing market given that it is lower than the partner rate approved in *Gallucci* even without adjusting for inflation over the more than seven years that have elapsed.

21. Approximately two years ago, in *Lewis v. Cty. of San Diego*, which was a civil rights case, the court "determine[d] that $600 is a reasonable hourly rate for Mr. Powell,"

who was a partner at a San Diego law firm. 2017 U.S. Dist. LEXIS 203457, *29-32 (S.D. Cal. Dec. 8, 2017). This supports finding a rate of $600 for Mr. Joseph is reasonable, especially considering that rates in civil rights cases are considerably lower than those in consumer protection class actions.

22. In July 2015, in another class action settlement, the court approved partner rates of up to "a maximum of $800 per hour," and associate time up to "a maximum of $550 per hour." *Tait v. BSH Home Appliances Corp.*, 2015 U.S. Dist. LEXIS 98546, at *38 (C.D. Cal. July 27, 2015). My current rate, which I have requested is far below the maximum set for partners and just slightly above the maximum associate rate approved by that court, further evidencing the reasonable nature of my rate.

23. In *Long v. Stanley Black & Decker, Inc.*, the court approved a partner/principal rate of $695 noting that "the fees requested by Class Counsel are lower than the averages stated in the evidence submitted and, therefore, finds that Class Counsel's requested fees are reasonable." 2015 U.S. Dist. LEXIS 53595, *13-14 (S.D. Cal. April 23, 2015).

24. Thus, Mr. Joseph's current rate is reasonable given that it is on the low end of rates for partners and principals in the relevant legal community.

**B. Mrs. Kemler Vanden Bergh's Rate**

25. Mrs. Kemler Vanden Bergh is an experienced civil litigator who graduated law school in 2004 and an associate at The Law Office of Paul K. Joseph, PC.

26. Her current rate is $500 per hour, which is in line with her previous hourly rate that she charged to paying clients and with prevailing rates in the community for attorneys of similar experience, skill, and reputation.

27. Before joining LOPJ, she was a partner at Joyce Childers LLP and was formerly with Glassman, Browning, Saltsman & Jacobs of Beverly Hills, where she represented sophisticated clients such as Allergan Pharmaceutical International, and Skechers USA, Inc. in complex litigation.

28. Her work during the period of 2004 to 2010 was done on behalf of clients that paid hourly and her hourly rate was $450.

29. Her 2010 rate of $450, inflation-adjusted to 2019[1], is equivalent to a rate of $531. This is more than her current and requested $500 rate, which demonstrates its reasonableness.

30. The reasonableness of Mrs. Kemler Vanden Bergh's rate is also reflected by the fact that it is consistent with the prevailing rates in the community for attorneys of similar experience, skill, and reputation, as reflected in the decisions cited below.

31. In April, 2018, the court approved a rate of $515 for my co-counsel's associate, Trevor Flynn, who was admitted to the bar in 2007. *Rodriguez v. Bumble Bee Foods, LLC*, 2018 U.S. Dist. LEXIS 69028, *16-18 (S.D. Cal. April 24, 2018).

32. In *Hazlin v. Botanical Labs., Inc.*, 2015 U.S. Dist. LEXIS 189687, *20-22 (S.D. Cal. May 20, 2015), the Court approved a rate of $575 for "Camille Bass, who has been in practice for 8 years." Mrs. Kemler Vanden Bergh's rate of $500 compares favorably as it is significantly lower despite that she has more experience than Ms. Bass.

33. In *Morey v. Louis Vuitton, N. Am., Inc.*, 2014 WL 109194 (S.D. Cal. Jan. 9, 2014), Judge Hayes found reasonable a rate of $500 per hour for Richard D. Lambert, a 2007 graduate, who at that time had approximately seven years of experience, *id*. at *10. This compares favorably to Mrs. Kemler Vanden Bergh's rate of $500 because the rates and experience are similar, even though the decision was five years ago and does not account for inflation.

34. In *San Diego Comic Convention v. Dan Farr Prods.*, 2019 U.S. Dist. LEXIS 64418, *39-43 (S.D. Cal. April 15, 2019), the Court approved a rate of $545 for Tim Rawson, a 2014 Law graduate with just five years of experience. Mrs. Kemler Vanden Bergh's rate

---

[1] According to the Bureau of Labor Statistics consumer price index, *nationally*, today's prices in 2019 are 18.02% higher than average prices throughout 2010. For San Diego, they are 29.23% higher. Even using the lower national inflation rate, Ms. Kemler's inflation adjusted rate is below that of the rate she billed paying clients.

compares favorably considering it is both lower and she has significantly greater experience in complex litigation.

35. In March 2015, the Honorable Andre Briotte Jr. approved rates of $640-$690 for associates ranging from 7 to 11 years of experience. *Perfect 10, Inc. v. Giganews, Inc.*, 2015 WL 1746484, at *30 (C.D. Cal. Mar. 24, 2015). These rates compare favorably to Mrs. Kemler Vanden Bergh's rate of $500.

36. In *Whitewater West Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2019 U.S. Dist. LEXIS 86406, *7-9 (S.D. Cal. May 22, 2019), the court found reasonable rates of $525 for Mr. Squier, who had eight years of experience. Again this compares favorably to Ms. Kemler Vanden Bergh's lower rate despite her greater experience.

37. In *Rodriguez v. Cty. of L.A.*, 96 F. Supp. 3d 1012, 1023 (C.D. Cal. 2014), approximately three years ago, Judge Marshall approved a rate of $500 for Caitlin Weisberg who at that time had six years of experience. This compares favorably with Mrs. Kemler Vanden Bergh's request for the same rate because she has more experience and the decision was five years ago.

38. In July 2015, the court, in a consumer protection class action settlement, approved associate time up to "a maximum of $550 per hour." *See Tait v. BSH Home Appliances Corp.*, No. SACV 10-0711-DOC (ANx), 2015 U.S. Dist. LEXIS 98546, at *38 (C.D. Cal. July 27, 2015). Mrs. Kemler Vanden Bergh's requested rate is well within the range set for associates in *Tait. See id.*

39. Similarly, the year before, in *Vinh Nguyen v. Radient Pharm. Corp.*, 2014 U.S. Dist. LEXIS 63312, 2014 WL 1802293, at *11 (C.D. Cal. May 6, 2014), the court approved rates of up to $550 per hour for associates. Likewise, this compares favorably with Mrs. Kemler Vanden Bergh's request for a rate of $500, which is well within the range for experienced associates such as herself.

40. As demonstrated by the cases cited above and Mrs. Kemler Vanden Bergh's previous billing rate to paying clients, her rate of $500 is in line with and often below the

rates approved for attorneys of similar or lesser experience in consumer protection class actions.

41. Accordingly, I believe that my rate of $600 and Ms. Kemler Vanden Bergh's rate of $500 are reasonable and in line with (or below) the prevailing market rates.

## COSTS

42. LOPKJ also incurred $198,481.89 in out of pocket costs that were reasonably necessary for the successful prosecution of this action.

43. In addition, my firm is not seeking reimbursement of costs often billed to clients including photocopying, first class postage, and legal research.

44. The costs are summarized by category in the table below. The costs are also individually itemized in Appendix A to this Declaration.

| Description | Amount |
| --- | --- |
| Delivery Service Fees | $36.40 |
| Deposition Expenses | $13,068.30 |
| Expert Expenses | $183,610.45 |
| Travel Expenses (Transportation and Hotels) | $1,435.23 |
| Travel and Deposition Meals | $277.66 |
| Other Expenses | $53.85 |
| Total = | $198,481.89 |

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 15th day of November, 2019, in San Diego, California.

/s/ Paul K. Joseph
Paul K. Joseph

# APPENDIX A

## Costs Recoverable Under California Code of Civil Procedure § 1033.5(a)

| Service Fees | |
|---|---|
| HOLLISTER PROCESS SERV - Third Party Service | $36.40 |
| Total | **$36.40** |

| Deposition Expenses | |
|---|---|
| THORSNES LITIGATION SERVICES - Deposition transcript | $1,337.50 |
| TSG REPORTING - Volek Dep. (Videographer) | $1,921.25 |
| TSG REPORTING - Volek Dep. (court reporter) | $2,518.45 |
| TSG REPORTING - 30(b)(6) Dep. (videographer) | $1,340.00 |
| TSG REPORTING - 30(b)(6) Dep. (court reporter) | $1,751.10 |
| Payment to Defendant's Expert Volek for deposition time | $4,200.00 |
| Total | **$13,068.30** |

| **Total Expenses Recoverable Under California Code of Civil Procedure §§ 1033.5(a)** | **$13,104.7** |
|---|---|

## Costs Recoverable Under California Code of Civil Procedure § 1033.5 (c)

| Expert Expenses | |
|---|---|
| Expert fee (science)- Dr. Greger | $1,502.50 |
| Expert fee (consumer perception)- Elizabeth Howlett | $6,400.00 |
| Expert fee (Damages) - Colin Weir/ETI | $15,275.00 |
| Expert fee (science)- Dr. Greger | $2,092.50 |
| Expert fee (damages survey)- JMD STAT Consulting | $45,831.20 |
| Expert fee (Damages)- Colin Weir/ETI | $37,456.25 |
| Expert fee (damages survey)- JMD STAT Consulting | $66,643.00 |
| Expert fee (damages survey)- JMD STAT Consulting | $4,100.00 |
| Expert fee (science)- Dr. Greger | $2,522.50 |
| Expert fee (Damages) - Colin Weir/ETI | $1,787.50 |
| **Total** | **$183,610.45** |

| | |
|---|---|
| **Travel Expenses (Transportation and Hotels)** | |
| SOUTHWEST   Airfair San Diego to Denver - Volek Deposition | $603.96 |
| HOTELS.COM - Hotel Resv. Volek Deposition | $72.66 |
| HOTELS.COM - Hotel Resv. Volek Deposition | $72.66 |
| DELTA AIR  - Airfair San Diego to Wisconson for 30(b)(6) deposition | $623.60 |
| ENTERPRISE RENT-A-CAR | $62.35 |
| Total | **$1,435.23** |
| | |
| **Travel and Deposition Meals** | |
| EINSTEIN BROS BAGELS0891 - Hunter Deposition Meal (Paul Joseph) | $9.91 |
| TENDER GREENS DTSD - Hunter Deposition Meal (Paul Joseph & Sherry Hunter) | $33.67 |
| STARBUCKS STORE - Hunter Deposition Meal (Paul Joseph) | $6.75 |
| OTG MANAGEMENT MIDWEST - Travel Meal (Paul Joseph) | $21.47 |
| OTG MANAGEMENT MIDWEST - Travel Meal (Paul Joseph) | $10.94 |
| HYATT PLACE AIRPORT - Travel Meal (Paul Joseph) | $17.77 |
| SAUMICO - Travel Meal (Jack Fitzgerald & Paul Joseph) | $45.98 |
| MACKINAW'S GRILL - Travel Meal (Jack Fitzgerald & Paul Joseph) | $68.30 |
| FO GARA'S M20358727 Travel Meal (Paul Joseph) | $19.39 |
| SUNS. CO. - Travel Meal - (Paul Joseph) | $20.00 |
| TUSCANY CAFÉ - Volek Deposition - Travel Meal (Paul Joseph) | $23.48 |
| Total | **$277.66** |
| | |
| **Other Expenses** | |
| STAPLES - DVD necessary for extracting discovery production | $32.31 |
| Thumb Drives for Submitting Electronic Copies of Sealed Docs. to Court. (Class Cert. Mot.) | $21.54 |
| Total | **$53.85** |

| | |
|---|---|
| **Total Expenses Recoverable Under California Code of Civil Procedure §§ 1033.5(c)** | **$185,377.19** |

# Exhibit 1

THE LAW OFFICE OF
**PAUL K. JOSEPH**

4125 W. Pt. Loma Blvd. #309 | San Diego, California 92110
Phone: 619.767.0356 | Fax: 619.331.2945

## Firm Resume – November 2019

**Overview**

The Law Office of Paul K. Joseph, PC, which was founded in 2015, specializes in consumer protection. The office has significant experience in consumer protection class actions involving falsely advertise of foods products and dietary supplements.

## Attorneys

**Paul K. Joseph**

Mr. Joseph has devoted nearly all of his practice to vindicating the rights of injured consumers through class actions. He has successfully prosecuted numerous consumer protection class actions, including against other coconut oil manufacturers for misleading health and wellness claims:

> ***Boswell et al v. Costco Wholesale Corp.*, 8:16-cv-00278-DOC-DFM (C.D. Cal.)**
> Allegations that Costco misleadingly and unlawful labeled its Kirkland Signature Coconut Oil with health and wellness claims. Obtained nationwide settlement that prohibits Costsco from using the challenged health and wellness claims on its coconut oil products. In addition, settlement provided $775,000 in monetary relief to the class.
>
> ***Cumming v. BetterBody Foods & Nutrition, LLC*, No. 37-2016-00019510-CU-BT-CTL (San Diego County Super. Ct.)**
> Allegations that BetterBody falsely and unlawful labeled its virgin and refined coconut oils with health and wellness claims. Obtained nationwide settlement that prohibits BetterBody's from using challenged health and wellness claims on its virgin and refined coconut oil products. In addition, settlement provided $1.1 in monetary relief to the class.
>
> ***Ducorsky v. Premier Organics*, No. HG16801566 (Alameda County Super. Ct.)**
> Allegations that Premier falsely and unlawful labeled its virgin coconut oil with health and wellness claims. Obtained nationwide settlement that prohibits Premier from using challenge health and wellness claims on its virgin coconut oil product. In addition, settlement provided $312,500 in monetary relief to the class.

Before founding his firm, Mr. Joseph was an associate at the Weston Firm, where he worked on numerous successful class actions including:

*In re Qunol CoQ10 Liquid Labeling Litigation*, No. 11-cv-173-DOC (C.D. Cal.) – Allegations that defendants misleadingly labeled a dietary supplement as providing "six times more absorption." Obtained certification of a nationwide class, *Bruno v. Quten Research Institute, LLC*, 280 F.R.D. 524 (C.D. Cal. 2011), and avoided decertification following the Ninth Circuit's decision in *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012), *see Bruno v. Eckhart Corp.*, 280 F.R.D. 540 (C.D. Cal. 2012). Obtained class settlement obligating defendants to provide refunds and refrain from advertising the product as providing six times more absorption. *Bruno v. Quten Research Institute, LLC*, 2013 WL 990495 (C.D. Cal. Mar. 13, 2013).

*In re Quaker Oats Labeling Litigation*, No. 10-cv-502-RS (N.D. Cal.) – Allegations that Quaker labeled food products containing artificial trans fat with misleading health and wellness claims. In July 2014, the Honorable Richard Seeborg granted final approval to a settlement that required Quaker to remove partially hydrogenated vegetable oils containing artificial trans fat from a wide variety of bar and oatmeal products.

*Henderson v. The J.M. Smucker Company*, No. 2:10-cv-4524-GHK (C.D. Cal.) This action was the catalyst forcing the defendant to reformulate a children's frozen food production to remove trans fat. On June 19, 2013, the Honorable George H. King held the firm's client was a prevailing Private Attorney General and entitled to her costs and attorneys' fees.

Mr. Joseph was admitted to practice law in California in 2012. He is a 2012 graduate of University of Michigan Law School, where he graduated *cum laude*. During law school, he also served as a judicial extern for the Honorable James Ware. Mr. Joseph spends substantial time on pro-bono work on behalf of at-risk youth and foster children.

**Richelle Kemler Vanden Bergh**

Ms. Kemler is an experienced civil litigator who began practicing in 2004. Before joining the Law Office of Paul K. Joseph, PC, she was a partner at Joyce Childers LLP and was formerly with Glassman, Browning, Saltsman & Jacobs of Beverly Hills where she was primarily responsible for complex civil litigation, including representation of Playboy Enterprises, Inc., Allergan Pharmaceutical International, and Skechers USA, Inc. in defamation defense and product disparagement matters, as well as representing defamation victims against CNN, CBS, ABC, The New York Times, and the National Enquirer.

In 2017, Ms. Kemler joined The Law Office of Paul K. Joseph, PC. Since joining the office, Ms. Kemler has worked on numerous consumer class actions, including many involving false and misleading health and wellness claims on food products, including coconut oils. The cases Ms. Kemler has worked on include *Boswell et al. v. Costco Wholesale Corp.*, and *Ducorsky v. Premier Organics*, which as described above resulted in nationwide class settlements.

In addition to obtaining her Juris Doctorate from Loyola Law School in 2004, she obtained a Masters in Social Work from Arizona State University.